**BIAGGI & KROESE PLLC**
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
TELEPHONE NO. 520.618.2515
FACSIMILE NO. 520.618.2516
Kurt Kroese, SBN 015148
kkroese@biaggikroese.com

**MARQUEZ LAW FIRM, PLLC**
55 WEST FRANKLIN STREET
TUCSON, ARIZONA 85701
TELEPHONE NO. 520.624.0755
FACSIMILE NO. 520.624.0743
Rosemary Márquez, SBN 015175
rmarquez@marquezlaw.org

Attorneys for Plaintiffs Alarcon

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID ALARCON and NORMA ALARCON, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>AMER SPORTS COMPANY, a foreign corporation; MAVIC, INC., a foreign corporation; JOHN DOES 1-3; ABC CORPORATIONS 1-3,<br><br>Defendants. | NO.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Come now the Plaintiffs David Alarcon and Norma Alarcon, and for their Complaint against Defendants, state the following:

**PARTIES AND JURISDICTION**

1.      Defendants Amer Sports Company and Mavic, Inc. are both Delaware corporations, foreign to the State of Arizona, engaged in the business of conceptualizing, engineering, designing, testing, manufacturing, marketing, distributing and selling bicycle equipment and wheels.

2. Defendants Amer Sports Company and Mavic, Inc. do business in the State of Arizona in the form of marketing, selling and/or distributing their products in the stream of commerce and ultimately into the hands of the consuming public.

3. Plaintiffs are residents of New Mexico, but purposefully submit themselves to the jurisdiction of this Court in the District of Arizona, Tucson Division.

4. Jurisdiction is proper pursuant to 28 U.S.C. Section 1332, and the amount in controversy exceeds the minimal limit set forth by law.

5. Substantial property which is the subject of this action, in the form of Plaintiffs' bicycle and equipment, is situated and located in Tucson, Arizona, and the parties have conducted expert inspections of same in Tucson, Arizona.

6. Defendants have sufficient contacts with the State of Arizona, such that Defendants are subject to personal jurisdiction of this Court, and venue is therefore proper.

## FACTUAL ALLEGATIONS

7. On or about January 22, 2008, Plaintiff David Alarcon purchased a Specialized Tarmac Expert bicycle equipped with 2006 Mavic Equipe Ksyrium wheels, rear wheel serial number 605331183.

8. Defendants engineered, tested, manufactured, distributed, and sold the subject Mavic Equpe Ksyrium wheel set.

9. Plaintiff David Alarcon took careful care of this bicycle, including all components and wheels, and maintained it appropriately and in good order.

10. At no time since taking possession of the bicycle did Plaintiff David Alarcon modify, misuse or mishandle the bicycle, wheels, or components.

11. On April 11, 2010, Plaintiff David Alarcon was riding the subject bicycle in a normal, expected and foreseeable manner, descending a mountain road in or near Cloudcroft, New Mexico.

12. On that April 11, 2010 day, while Plaintiff David Alarcon was riding the subject bicycle, certain components within the mechanism of the rear wheel failed, suddenly and without warning, causing Plaintiff Alarcon to crash.

13. Subsequent inspection revealed that the "free wheel" mechanism associated with the rear wheel assembly had suddenly become improperly frozen or locked, due to failure of internal components and/or materials, such that the bicycle pedals were forced un-naturally and unexpectedly forward, causing Plaintiff Alarcon to fall violently to the ground. A "free wheel" is that component which, if working properly, allows a bicycle rider to hold his or her feet still, no longer pushing the pedals, while the rear wheel is allowed to spin and move forward.

14. Plaintiff David Alarcon suffered severe personal injuries causing him to sustain bodily injury and pain and suffering, and incur medical expense and sustain other related damages. Plaintiff David Alarcon has experienced physical pain and mental anguish and will continue to do so in the future.

15. At all material times, Plaintiffs David Alarcon and Norma Alarcon were lawfully married as husband and wife and were jointly supporting, consorting, and cohabitating with each other. As a further direct and proximate result of the crash, plaintiffs David Alarcon and Norma Alarcon lost the society, companionship, and consortium of the other.

**COUNT ONE – STRICT PRODUCTS LIABILITY**

16. Plaintiffs reallege all previous paragraphs as though fully set forth herein.

17. Defendants are manufacturers and sellers of products as defined by applicable law.

18. On April 11, 2010, the date of the Mavic wheel failure, the wheels and related components, were in substantially the same condition as they were when they left Defendants' possession.

19. At the time the wheels were first sold by Defendants, they did not conform to the state of the art for similar bicycle wheels engineered, designed and manufactured at the time.

20. At the time the Mavic wheel failed, Plaintiff David Alarcon was not using the product in an unforeseeable manner or contrary to any express or adequate instructions and warnings.

21. The Defendants' bicycle wheel failed because the Mavic wheel and components contained therein were defective in design and/or manufacture and/or contained material weaknesses such that the product was unreasonably dangerous.

22. The defects were the cause of Plaintiffs' significant and ongoing injuries and damages.

## COUNT TWO – NEGLIGENCE

23. Plaintiffs reallege all previous paragraphs as though fully set forth herein.

24. At all times relevant to this action, Defendants had an obligation to exercise due care in the design, manufacture and distribution of their bicycle wheels and components.

25. At all times relevant to this action, Defendants, and each of them, failed to meet this duty of care.

26. As a direct result of Defendants' failures, Plaintiffs Alarcon have suffered and will continue to suffer significant injury and damage.

## JURY TRIAL DEMAND

27. Plaintiffs Alarcon, pursuant to Rule 38, Federal Rules of Civil Procedure, and the Seventh Amendment to the Constitution, hereby demand the right of trial by jury on all issues so triable in this action

WHEREFORE, Plaintiffs pray for judgment in their favor and against the Defendants as follows:

A. For past and future special damages including medical expenses;

B. For general damages;

C. For taxable costs incurred herein;

D. For pre-judgment interest on any liquidated damages;

E. For post-judgment interest on the entire judgment; and

F. For such other and further relief as this Court deems just and equitable.

DATED this 21st day of February, 2012.

BIAGGI & KROESE PLLC
- and -
MARQUEZ LAW FIRM, PLLC

By_____
Kurt Kroese
Rosemary Marquez
Attorneys for Plaintiffs Alarcon

BIAGGI & KROESE PLLC
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520.618.2515